UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON, <br><br> Petitioner, <br><br> v. <br><br> SATAN THE DEVIL, et al., <br><br> Respondents. | No. CV 19-381 SVW (FFM) <br><br> ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |

On or about January 8, 2019, petitioner Adrian Moon ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").[1] It is unclear whether Petitioner is attacking his conviction, his sentence, or the denial of his application for termination of his supervisory probation. Although the Petition states that it concerns, "probation AB109/Good Time Credits" and is based on Petitioner's conviction in California Superior Court for the County of Los Angeles case number BA332095, the allegations of the Petition are largely unintelligible and delusional. The

---

[1] A pro se prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379 (1988). In this case, Petitioner has not attached a proof of service to the Petition; however, the envelope containing the Petition bears a post mark dated January 8, 2019. Therefore, the Court will assume that the Petition was constructively filed no later than January 8, 2019.

Petition alleges as Ground one that "Satan the Devil" ordered his underlings to force Petitioner into slavery and bondage against Petitioner's unalienable rights. Ground two alleges that "Satan the devil" against the Ten Commandments criminally violated Petitioner's unalienable rights as a man. As the Third ground for relief, the Petition alleges, "Ineffective Assistance of Evil Satanic Counsel."

**Petitioner Has Failed to Exhaust His State Judicial Remedies**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner alleges that he has filed a habeas petition in the California Supreme Court with respect to his claims. (Petition at ¶ 8.) Petitioner attached to his Petition the First Amended Petition for Writ of Habeas Corpus (case number S252864), filed with the California Supreme Court on December 3, 2018. The Court notes that the California Supreme Court website indicates that Petitioner's habeas petition in case number S252864 is still pending in that court.

Because petitioner's state habeas petition is currently pending in the California Supreme Court, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983). There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> [E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal

///

///

3

|   |   |
|---|---|
| 1 | may result in the reversal of the petitioner's conviction on some other |
| 2 | ground, thereby mooting the federal question. |

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending. *See, e.g., Lockhart v. Hedgpeth*, 2008 WL 2260674, **1 (N.D. Cal. 2008); *Craft v. Sisko*, 2008 WL 906438, *1-*2 (C.D. Cal. 2008); *McDade v. Board of Corrections*, 2007 WL 3146736, *1 (N.D. Cal. 2007); *Hancock v. Marshall*, 2007 WL 1521002, *1 (N.D. Cal. 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. 2007).

Therefore, the Petition is subject to dismissal. Petitioner filed his habeas petition in the California Supreme Court within the past two months, and that petition is still pending in that court. Therefore, the instant, unexhausted, Petition has been filed prematurely in this Court. Petitioner may file a fully exhausted petition containing his claims after the California Supreme Court decides Petitioner's pending claims.

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: April 11, 2019

STEPHEN V. WILSON
United States District Judge

Presented by:

  /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
United States Magistrate Judge

4